_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No. 5:25-cv-01405-FWS-DTB                               Date: July 21, 2025
Title: Tina Scott v. Wal-Mart Associates, Inc et al

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

Not Present                                                 Not Present

**PROCEEDINGS: ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]**

Plaintiff Tina Scott ("Plaintiff") brought this action against Defendants Wal-Mart Associates, Inc.; Wal-Mart Stores, Inc.; Walmart, Inc.; Levonne Perry; Stephanie Dutra; Lisa Hollos; and unnamed Does (collectively, "Defendants") in Riverside County Superior Court, alleging claims related to Plaintiff's former employment, including wrongful termination and defamation. (*See generally* Dkt. 1 Ex. F ("FAC").) Defendants removed the case, invoking diversity jurisdiction, and arguing that the individual defendants—California residents—were "fraudulently joined sham defendants." (Dkt. 1 (Notice of Removal) ¶¶ 1-6, 27.) Before the court is Plaintiff's Motion to Remand to Riverside Superior Court. (Dkt. 13-1 ("Motion" or "Mot.").) Defendants oppose the Motion. (Dkt. 15 ("Opp.").) Plaintiff filed a reply in support of the Motion. (Dkt. 18 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for July 24, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

I.   Background

The court has previously remanded this case to Riverside Superior Court. *See Tina Scott v. Wal-Mart Associates, Inc*, 5:24-cv-02487-FWS-DTB ("*Scott I*"). The court granted Plaintiff leave to amend and remanded the case without ruling on Defendants' arguments that the individual defendants were fraudulently joined. (*See Scott I*, Dkt. 20 at 8 ("Prior Order").)

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　JS-6

| | |
|---|---|
| Case No. 5:25-cv-01405-FWS-DTB | Date: July 21, 2025 |
| Title: Tina Scott v. Wal-Mart Associates, Inc et al | |

Now, Defendants reraise their argument that the individual defendants were fraudulently joined. (Dkt. 1 ¶¶ 37-39.) Specifically, Defendants argue that Plaintiff's defamation cause of action is barred by the common-interest privilege and Plaintiff's cause of action under California's Fair Employment and Housing Act ("FEHA") is untenable because individual employees cannot be held personally liable for discrimination or aiding and abetting under FEHA. (*Id.* ¶¶ 28-50)

## II.   Discussion

In the Motion, Plaintiff argues that Defendants' removal was untimely, and that Defendants have not met their burden to show that the individual defendants were fraudulently joined. (Mot. at 3-10.) The court addresses each argument in turn.

### A.   Timeliness of Removal

Plaintiff argues that Defendants' removal petition was untimely because Defendants filed the petition more than thirty days after "defense counsel received a rough draft copy of Plaintiff's deposition." (Mot. at 3.) Defendants argue that the thirty-day removal period was triggered the day that defense counsel received the certified deposition transcript, not the rough transcript. (Opp. at 22.) This creates a narrow issue: whether a rough draft of a deposition transcript starts the clock on removal proceedings. (*See* Mot. at 3-5; Opp. at 11-12.)

28 U.S.C. § 1446(b) sets a thirty-day deadline to remove a case to federal court. "Often, the basis for removal is clear from the complaint (or other initial pleading), and so the thirty days begin to run from the date a defendant receives the initial pleading." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090-91 (9th Cir. 2021). "This is the first pathway to removal. But if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. This is the second pathway to removal." *Id.* (citation modified).

In, *Dietrich*, the Ninth Circuit held that, under the second pathway, the "removal clock does not start until a paper makes a ground for removal unequivocally clear and certain." 14 F.4th at 1091 (citation modified). This was a "more explicit standard" than the Ninth Circuit

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 5:25-cv-01405-FWS-DTB                                              Date: July 21, 2025
Title: Tina Scott v. Wal-Mart Associates, Inc et al

had previously set out, so the court confines its analysis to *Dietrich* and cases following it. *Id.* at 1091.

The court is unaware of a case after *Dietrich* which explicitly considers whether a rough draft of a deposition is sufficient to start the removal clock. But *Dietrich* strongly suggests that a rough draft is not sufficient: the circuit court noted that the defendant clearly could not have received the transcripts before April 15th because the court reporter did not certify the transcript until April 17th. *Id.* at 1095. This result makes sense—it would be strange to hold that a document with the word "rough" in its name provides grounds that are unequivocally clear and certain.

Plaintiff makes much of *David v. C.H. Robinson Int'l, Inc.*, in which the district court held that a rough deposition transcript allowed the defendant to "reasonably determine" that removal was proper. 2018 WL 3213716 (C.D. Cal. June 29, 2018); (Reply at 3.) But the court finds this case unpersuasive because it predates *Dietrich* and therefore does not apply the unequivocally-certain standard. *C.H. Robinson*, 2018 WL 3213716, at *4 ("[I]n this case it could be reasonably ascertained from the rough transcript that the case was removable."). Indeed, the district court also found that the deposition itself provided notice, a result that the Ninth Circuit has since rejected "as plainly inconsistent" with the removal statute. *Id.* at 3; *Dietrich*, 14 F.4th at 1095.

The court concludes that Defendants' potential grounds for removal in this case did not become unequivocally clear and certain until it received the certified deposition transcript, making its removal petition timely. Accordingly, the Motion is **DENIED** insofar as it seeks remand based on an untimely removal.

The court must address the issue of Plaintiff's counsel's civility. Plaintiff's counsel repeatedly accuses defense counsel of lying to the court because they relied on the date of the certified transcript and argued that such a date is proper under *Dietrich*. (*See e.g.,* Reply at 2 ("Defense counsel purposely lied about this, and knew it was false . . .").) The court agrees with defense counsel's interpretation of the law on this point; even if the court disagreed, it would still remind Plaintiff's attorney that a good-faith interpretation of the law is not a lie—a term that should not be used lightly. *See BBK Tobacco & Foods LLP v. Skunk Inc.*, 2020 WL 5237270, at *8 (D. Ariz. Sept. 2, 2020) ("Under no circumstances should an attorney knowingly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---:|
| Case No. 5:25-cv-01405-FWS-DTB | Date: July 21, 2025 |
| Title: Tina Scott v. Wal-Mart Associates, Inc et al | |

lie to a Court; and conversely no attorney should make such a serious accusation as a matter of hyperbole or exaggeration."); *Soukhaphonh v. Hot Topic, Inc.*, 2018 WL 6252453, at *6 (C.D. Cal. Feb. 8, 2018) ("Plaintiff's attorneys are advised that if they intend to accuse opposing counsel of such serious wrongdoing, they had better not make an accusation that can be easily and innocently explained."); *see also People v. Chong*, 76 Cal. App. 4th 232, 243 (1999) (stating "it is vital to the integrity of our adversary legal process that attorneys strive to maintain the highest standards of ethics, civility, and professionalism in the practice of law," and "an attorney, however zealous in his client's behalf, has, as an officer of the court, a paramount obligation to the due and orderly administration of justice.") (citation and quotation marks omitted).

Further, the court **DENIES** Plaintiff's request for sanctions. (Mot. at 12-13.) Plaintiff argues that sanctions are warranted because Defendants' position on timeliness was "frivolous." (*Id.* at 12.) As explained above, the court disagrees and thus declines to award sanctions. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Whether to award costs and expenses is within a district court's discretion. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

  **B.**   **Fraudulent Joinder**

Defendants argue that the individual defendants were fraudulently joined because Plaintiff's causes of action for defamation and violation of FEHA fail as a matter of law. (Opp. at 8.) The court begins and ends its inquiry with Plaintiff's defamation cause of action. *Richer v. Travelers Com. Ins. Co.*, 2017 WL 5618524, at *2 (N.D. Cal. Nov. 22, 2017) ("One claim against one non-diverse defendant violates [the] complete diversity requirement and is sufficient to destroy diversity jurisdiction.").

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). However, courts apply both a "strong presumption against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. 5:25-cv-01405-FWS-DTB    Date: July 21, 2025
Title: Tina Scott v. Wal-Mart Associates, Inc et al

removal jurisdiction," *Gaus*, 980 F.2d at 566, and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation modified). Accordingly, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden" of proving fraudulent joinder by "clear and convincing evidence." *Grancare*, 889 F.3d at 548 (citation modified); *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

A defendant may establish fraudulent joinder through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

In this case, the court finds that Defendants have failed to meet their heavy burden of demonstrating fraudulent joinder. Defendants argue, in summary, that Plaintiff's defamation theory is barred by the "common-interest privilege." (Opp. at 14.) The common-interest privilege is a fact intensive inquiry—it requires asking, among other things, whether the statement at issue was made with malice. *Sanborn v. Chronicle Publ'g Co.*, 18 Cal.3d 406, 413 (1976); *see Winn v. Case Corp.*, 33 F.3d 61 (9th Cir. 1994) ("Whether any given statement is defamatory is based on the facts and circumstances surrounding it."). Defendants may be correct that Plaintiff's allegations on this cause of action are "speculative." (Opp. at 17.) But a speculative allegation is not the same thing as an allegation that has no possibility of succeeding and that argument is "better raised in a demurrer, motion to dismiss, or motion for summary judgment rather than a notice of removal." *See Hill v. Airgas USA, LLC*, 2023 WL 9005648, at *2 (C.D. Cal. Nov. 3, 2023) (remanding action where plaintiff alleged a defamation claim against a non-diverse defendant in an employment action). Indeed, courts in this circuit often decline to find fraudulent joinder where the plaintiff alleges a defamation claim in relation to their employment. *See id.*; *Johnson v. Wells Fargo & Co.*, 2014 WL 6475128, at *7-12 (C.D.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 5:25-cv-01405-FWS-DTB | Date: July 21, 2025 |
| Title: Tina Scott v. Wal-Mart Associates, Inc et al | |

Cal. Nov. 19, 2014) (declining to remand based on a purportedly fraudulent defamation claim); *Umamoto v. Insphere Ins. Sols., Inc.*, 2013 WL 2084475, at *6 (N.D. Cal. May 14, 2013) (declining remand based on the "non-fanciful possibility" that the plaintiffs could state a defamation claim).

Defendants' do not appear to argue that the defamation claims are fanciful, only that Plaintiff's allegations are insufficient. (*See* Opp. at 15 ("Plaintiff fails to allege facts sufficient to support malice.").) But the "propriety of remand based on fraudulent joinder depends solely on whether a claim against the purported sham defendant may be stated, not whether one has been or may be stated based on the present or future evidentiary record ... For that reason, courts routinely grant motions to remand even where, as here, a plaintiff has not yet stated a viable claim against the purportedly fraudulently joined defendant and/or the present evidentiary record would not support liability as to the purportedly fraudulently joined defendant." *McBee v. Raytheon Techs. Inc.*, 2024 WL 182282, at *6 (C.D. Cal. Jan. 16, 2024) (cleaned up).

In essence, Defendants have not met their heavy burden of showing that Plaintiff's defamation claims against the individual defendants are fanciful. Accordingly, the court cannot disregard the citizenship of the individual defendants and finds that there is not complete diversity of the parties in this case.

### III. Disposition

For the reasons stated above, the court **GRANTS** the Motion insofar as it seeks remand and **REMANDS** this case to Riverside Superior Court as case number CVRI 2405603.

___